United States District Court
District of Minnesota

Blake A. Hellquist,

               Plaintiff,

v.

Andrii Pylypenko, Schwarz Trucking,
Inc., and Progressive Preferred
Insurance Company, a foreign
corporation

               Defendants.

Civil Case No. 16-CV-779 (RHK/KMM)

**PLAINTIFF'S REPLY
MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR
LEAVE TO SERVE AND FILE
SECOND AMENDED COMPLAINT**

In response to the plaintiff's motion for leave to amend his First

Amended Complaint herein, defendant Progressive Preferred Insurance

Company ("Progressive") has submitted a Memorandum of Law which offers

three arguments against the court's granting the motion to amend:

1.    The motion is untimely pursuant to the Court's pre-trial scheduling
orders;

2.    The motion is barred by the plaintiff's release of tortfeasor's Andrii
Pylypenko and Schwarz Trucking, Inc.; and

3.    The motion should not be granted because a decision of the Minnesota
Court of Appeals has arguably held that the relief which the plaintiff
seeks to claim via his amendment is not available under Minnesota law.

In his initial Memorandum of Law submitted to the court the plaintiff

has already presented his arguments as to why this Court should not consider

the Minnesota Court of Appeals decision in *Iacona v. Schrupp* , 509 N.W.2d

185 (Minn. App. 1993) as either binding authority or persuasive authority,

and those arguments will not be repeated.  However the plaintiff needs to

reply to the defendant's arguments that his motion to amend is untimely and barred by his release of the tortfeasors.

*Timeliness of Motion per Scheduling Orders*

The Court's Pretrial Scheduling Orders create ambiguities which would permit the Court to decide either way as to the timeliness of the plaintiff's motion to amend his complaint to add a statutory claim for attorney fees.

The first amendment to the Scheduling Order was due to uncertainties created by the insolvency proceedings in California involving the tortfeasors' liability insurer.  The Court's Amended Scheduling Order filed on October 20th (ECF Doc. 20) per the parties' stipulation, extended the deadlines in the original for amending the pleadings, adding parties or bringing non-dispositive motions by two months, from February 1, 2017, to April 3, 2017.

The second amendment to the Scheduling Order, again pursuant to stipulation, accommodated Progressive's recent addition as a party to the case.  The Second Amended Scheduling Order (ECF Doc. 35) made no explicit reference to a deadline for amending pleadings, but created an August 4, 2017 deadline for nondispositive motions, including motions for leave to assert a claim for punitive damages (which is a motion for leave to add a claim).

The plaintiff's motion to amend his complaint to claim statutory attorney fees, a nondispositive motion, can reasonably be viewed as subject to

2

the August 4, 2017, deadline for nondispositive motions, particularly since an added claim for attorney fees would neither require discovery, delay trial nor add to trial time nearly to the extent that a motion for leave to claim punitive damages, which is governed by the August 4th deadline, would. In light of the policy of FRCP Rule 15(a)(2) that leave to amend should be freely given when justice requires, and in light of the utter lack of delay in proceedings or prejudice to Progressive, the Court should resolve its Scheduling Order's ambiguity in favor of viewing the plaintiff's motion to amend as timely.

*Effect of Release of Tortfeasors*

The March 23, 2017 "FULL AND FINAL RELEASE OF ALL CLAIMS" attached as **Exhibit A** to the *Supplemental Declaration of Edward F. Rooney in Support of Motion for Leave to Amend Complaint* submitted herewith, belies Progressive's claim that the plaintiff, by that release,  is now barred from asserting a claim for statutory attorney fees against Progressive.  The part of the release preserving the plaintiff's claims against Progressive, (highlighted in yellow on **Exhibit A**) preserves not only the claims that the plaintiff had  already made in his Complaint, but also claims "available to the Plaintiff pursuant to the provisions of Minn. Stat. Sections 65B.41, *et seq.*"

A motor vehicle insurer's mandatory duty to provide underinsured motorist coverage is established by Minn. Stat. Ch. 65B.49, Subd. 3a, *i.e.*, a

provision that is part of "Minn. Stat. Sections 65B.41, *et seq.*" referred to in the highlighted part of the release preserving claims against Progressive.

According to the Minnesota Supreme Court in *Beaudry v. State Farm Mut. Auto. Ins. Co.,* 518 N.W.2d 11, 13 (Minn. 1994) (*overruled on other grounds*):

> Nevertheless, as we pointed out in these two cases, liability for UM and UIM benefits is determined by tort law, i.e., by what the tortfeasor would have had to pay the claimant if the tortfeasor had not been uninsured or underinsured.

In other words, under Minnesota law a UIM insurer such as Progressive is liable to pay (subject to its limits of coverage) whatever damages the tortfeasor caused. The **Exhibit A** release, to which Progressive was not a party and which was certainly not intended to benefit Progressive, preserves the plaintiff's opportunity to recover from Progressive whatever he could have recovered from the tortfeasor's on account of their liability to him from the August 1, 2013 crash. Which gets us back to the sole issue on which this motion should be decided, *i.e.*, whether Minn. Stat. §221.271 and §221.605 give the plaintiff a claim for attorney fees against the tortfeasors.

Dated: June 29, 2017

    s/ Edward F. Rooney
Edward F. Rooney, #9321X
Attorney for Plaintiff
100 North Sixth Street, Suite 445A
Minneapolis MN 55403
Telephone: 612/285-7621
Fax: 612/285-7623
email: efrooney@rooneylaw.com