UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Blake Hellquist,                                              Civ. No. 16-779 (PAM/KMM)

          Plaintiff,

v.                                                                          **ORDER**

Progressive Preferred Insurance Co.,

          Defendant.

---

This matter is before the Court on Defendant Progressive Preferred Insurance Co.'s Motions in Limine. Trial in this matter is set to begin on Tuesday, June 5, 2018.

**A.     Edward Foster**

Defendant moves the Court for an order excluding the opinions and testimony of Edward Foster, arguing that they are based on an unsupported assumption that Plaintiff will not be able to work until his desired retirement age due to the injuries he sustained in this collision. Plaintiff retained Mr. Foster to calculate a monthly pension amount in support of his claims for future medical care expenses and loss of future earning capacity. Defendant does not challenge Mr. Foster's calculations or his methodology, instead arguing that no medical professional has opined that Plaintiff will be unable to work until his full retirement age. Resolution of this issue will therefore depend on the evidence presented at trial, and Defendant may object at that time. This Motion will be denied without prejudice.

**B.     Mary Kay Kolar**

Defendant argues that the Court should preclude testimony from Mary Kay Kolar. In calculating future medical costs, Ms. Kolar opined that Plaintiff required a neurologist appointment every five years, nine chiropractic and eighteen physical therapy appointments annually, a gym membership and a personal trainer, and a high-quality mattress every eight years. Defendant points out that Ms. Kolar is not a neurologist, chiropractor, or physical therapist and argues that these opinions lack foundation because Plaintiff's medical care providers did not identify the specific frequency of these appointments. But Plaintiff's medical care providers endorsed Ms. Kolar's assessment of his future medical needs. These issues are more appropriately raised on cross- and redirect examination. This Motion will be denied without prejudice.

**C.     Liability for Motor Vehicle Accident**

Defendant has stipulated that former Defendants Andrii Pylypenko and Schwarz Trucking, Inc., are solely at fault for the collision, and thus argues that the Court should limit the scope of Plaintiff's case on the issue of liability. Defendant's stipulation does not render evidence of liability irrelevant. See Grandoe Corp. v. Gander Mountain Co., 761 F.3d 876, 889 (8th Cir. 2014). But this trial is now solely about the extent of Plaintiff's damages. Because liability is no longer at issue, the Court will limit Plaintiff to providing a brief description of the evidence on liability in order to give the jury context on the issue of damages. The Court will grant this Motion.

## D. Driving-Related Documentation

Defendant asks the Court to exclude traffic citations issued to Pylypenko on June 14, 2013, and on July 30, 2013; Pylypenko's driver's license record; and Federal Motor Carrier Safety Administration ("FMCSA") records on Schwarz Trucking. Plaintiff agrees that Pylypenko's June 14, 2013, traffic citations and driving record are not relevant, and therefore this request will be denied as moot.

On July 30, 2013, a police officer cited Pylypenko for speeding and apparently took his driver's license. Plaintiff argues that this citation is relevant because it shows that Pylypenko drove without a commercial drivers' license at the time of the collision, which "speaks to his irresponsibility as a commercial truck driver." (Docket No. 94 at 24.) Plaintiff also seeks to admit evidence that the FMCSA withdrew Schwarz Trucking's certificate of authority to operate as an interstate commercial carrier. According to Plaintiff, this evidence explains why Schwarz Trucking has not participated in this lawsuit. This evidence is not relevant, and therefore, this Motion will be granted.

## E. Photographs of Damage to Plaintiff's Vehicle

Defendant seeks to reduce the number of photographs showing the extent of the damage to Plaintiff's vehicle. Plaintiff responds, arguing that he only intends to admit five photographs from three proposed exhibits. The Court will deny this Motion without prejudice subject to specific objections at trial.

## F. Plaintiff's Educational Records

Defendant moves to exclude records of Plaintiff's primary and secondary education, claiming that these records are not relevant, unfairly prejudicial, and may

3

mislead the jury. Plaintiff avers that this evidence is relevant to his claim for loss of future earning capacity. Plaintiff may testify about the level of education that he has completed. But because he has failed to identify how his primary and secondary education records will specifically aide the jury, these records will be excluded subject to additional argument at trial. This Motion will be granted without prejudice.

### G.  Narrative Reports

Defendant asks the Court to exclude various narrative reports by medical professionals. Plaintiff does not oppose this Motion, but he believes that the experts should be allowed to testify about the contents of these reports. This Motion will therefore be denied as moot subject to further objection at trial.

### H.  Settlement Amount and Defendant's Policy Limits

Defendant seeks to exclude evidence or testimony about the amount of the settlement between Plaintiff, Pylypenko, and Schwarz Trucking, as well as evidence or testimony about Defendant's underinsured motorist policy limits. Plaintiff does not oppose this Motion. It will therefore be denied as moot.

### I.  Narrative Reports

Defendant requests that the Court exclude testimony from five witnesses for lack of prior disclosure and because their testimony is not relevant.

### 1. Trooper Eric Lindberg

Trooper Eric Lindberg prepared the accident report and responded to the collision. But Plaintiff no longer intends to call this witness, so this Motion will be denied as moot.

### 2. Gail Kotoski

Gail Kotoski is the Minnesota State Patrol vehicle inspector who conducted a post-collision inspection of Pylypenko's vehicle. Defendant contends that Plaintiff failed to timely disclose this witness. Plaintiff states that Ms. Kotoski would only testify in order to establish foundation for the admissibility of her commercial vehicle inspection report. This Motion will therefore be denied without prejudice, subject to additional argument at trial.

### 3. Rod Skoog

Rod Skoog is Administrator of the Minnesota Laborers Health and Welfare Fund, and Plaintiff submits that his expert, Mr. Foster, interviewed Mr. Skoog to obtain information relevant to Mr. Foster's analysis and calculations. Defendant argues that Plaintiff failed to disclose Mr. Skoog as an expert, but it appears that Plaintiff would only call Mr. Skoog as a fact witness if Defendant challenged the details underlying Mr. Foster's opinion. This Motion will be denied without prejudice.

### 4. Raymond Peter Gryskiewicz and Richard Hellquist

Plaintiff claims that Raymond Peter Gryskiewicz was a victim and witness to the collision, who will testify about the nature and impact of the collision. Richard Hellquist is Plaintiff's father. According to Plaintiff, Mr. Hellquist owned the vehicle that Plaintiff drove when the collision occurred and inspected the damage to Plaintiff's vehicle.

Plaintiff did not timely disclose Mr. Hellquist as a fact witness, nor has he provided sufficient justification for the late disclosure. Regardless, Plaintiff's testimony alone should be sufficient to describe the nature of the collision. This Motion will therefore be granted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion in Limine to Exclude Expert Testimony (Docket No. 81) is **DENIED without prejudice**;

2. Defendant's Motion in Limine (Docket No. 83) is **GRANTED in part and DENIED in part**; and

3. Defendant's Motion in Limine (Docket No. 92) is **GRANTED in part and DENIED in part**.

Dated: May 29, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge